IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID MONSERRATE,             :       No. 3:26cv331
                              :
                   Petitioner :       (Judge Munley)
                              :
         v.                   :
                              :
WARDEN, LSCI-ALLENWOOD,       :
                              :
                   Respondent :
............................................................................................

## MEMORANDUM

Petitioner David Monserrate ("Monserrate") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Monserrate alleges that the Federal Bureau of Prisons ("BOP") improperly denied him earned time credits pursuant to the First Step Act ("FSA").  (Id.).  The petition is ripe for disposition and, for the reasons set forth below, the court will deny the habeas petition.

## I.    Background

### A.    Monserrate's Criminal History

Monserrate is serving a 170-month sentence for his conviction of conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and § 846, imposed by the United States District Court for the District of Connecticut, concurrent to a 60-month

sentence for his conviction of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 841(b)(1)(B) and § 846, imposed by the United States District Court for the Southern District Court of New York. (Doc. 8-2, Declaration of BOP Attorney Joshua M. Bower ("Bower Decl."), at 2 ¶ 3; Doc. 8-3, Public Information Inmate Data).  Monserrate is also serving a consecutive one-month sentence for his conviction of possession of a prohibited object by an inmate in violation of 18 U.S.C. § 1791(a)(2), (d)(1)(F), imposed by the United States District Court for the Middle District of Pennsylvania.  (Id.).

According to documentation submitted by respondent, Monserrate's current projected release date is June 26, 2028.  (Doc. 8-3).

B.    The First Step Act

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in prerelease custody or supervised release. See 18 U.S.C. § 3632(d)(4)(A), (C).  An inmate can earn 10 days of credit for every 30 days of successful participation.  See id. § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn five additional days of time credit for every 30 days of successful

2

participation, for a total of 15 days' time credit per 30 days' successful participation. See id. § 3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible to earn time credits. See id. § 3632(d)(4)(D). If time credits under the FSA are properly earned by an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. § 3624(g). Among other requirements, to be eligible for application of earned time credits, a prisoner must: (1) have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; (2) demonstrate through periodic risk assessments a recidivism risk reduction or maintain a "minimum or low recidivism risk" during the term of imprisonment; (3) have had the remainder of his term of imprisonment computed; and, (4) as pertains to prerelease custody, have been determined under the System to be a minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner or have had a petition to be transferred to prerelease custody approved by the warden of the prison. See id. § 3624(g)(1); see also 28 C.F.R. § 523.44(b), (c).

## II.    Discussion

Respondent argues that Monserrate's habeas petition must be denied as the BOP properly determined that he is statutorily ineligible for application of FSA

3

time credits because he has been convicted of, and is serving a sentence for, a disqualifying offense listed in 18 U.S.C. § 3632(d)(4)(D).  (Doc. 8).  Specifically, Monserrate was convicted and sentenced for possession of a prohibited object by an inmate in violation of Section 1791.  See 18 U.S.C. § 3632(d)(4)(D)(xxix).

Section 3632(d)(4)(D) of Title 18 of the United States Code provides an extensive list of offenses that render a prisoner "ineligible to receive [FSA] time credits…if the prisoner is serving a sentence for a conviction" for any of the enumerated offenses.  One such disqualifying offense is "Section 1791, relating to providing or possessing contraband in prison."  18 U.S.C. § 3632(d)(4)(D)(xxix).  Thus, under the plain language of the FSA, Monserrate's Section 1791 conviction and sentence render him ineligible to receive FSA time credits.  This conclusion is bolstered by the relevant regulations, which plainly state that "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits."  28 C.F.R. § 523.41(d)(2).

Here, Monserrate's one-month prison contraband sentence (a disqualifying offense) was ordered to run consecutively to his 170-month drug sentence (which is not a disqualifying offense).  However, this does not alter his FSA ineligibility.  A significant number of courts have held that when a prisoner is convicted and sentenced for disqualifying and non-disqualifying offenses, those

4

sentences—regardless of whether they are ordered to run concurrently or consecutively—are properly aggregated and treated as a single sentence that is ineligible for application of FSA time credits.  See Giovinco v. Pullen, 118 F.4th 527, 531 (2d Cir. 2024); Colotti v. Peters, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025); Oiler v. LeMaster, No. 24-5033, 2025 WL 1864875, at *1 (6th Cir. Jan. 10, 2025); Clinkenbeard v. Murdock, No. 24-3127, 2025 WL 926451, at *1 (8th Cir. Mar. 27, 2025) (per curiam); Teed v. Warden FCI Allenwood, No. 23-1181, 2023 WL 4556726, at *1-2 (3d Cir. July 13, 2023). Pursuant to the plain language of 18 U.S.C. § 3584(c), "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c); see, e.g., Teed, 2023 WL 4556726, at *2 (quoting Section 3584(c)).

Because Monserrate is serving the Section 1791 sentence as part of his "single, aggregate term of imprisonment," 18 U.S.C. § 3584(c), he is statutorily ineligible to receive FSA time credits.  See 18 U.S.C. § 3632(d)(4)(D)(xxix); Giovinco, 118 F.4th at 529 ("the BOP must aggregate a prisoner's sentence pursuant to § 3584(c) for the purpose of determining his eligibility for FSA time credits" and a single disqualifying conviction renders the prisoner "ineligible to earn FSA time credits for his entire aggregated term of imprisonment"); Teed,

5

2023 WL 4556726, at *2.  Consequently, Monserrate's Section 2241 petition must be denied.

## III.     Conclusion

Consistent with the foregoing, the court will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  An appropriate order shall issue.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

Dated:     March 26, 2026

6